IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0987-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joan Smith seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled as a result of carpal tunnel syndrome, rheumatoid arthritis, and neck pain. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 9, 2004. At the time of the hearing, plaintiff was 44 years old. She has a high school education and past work experience as a dispatcher in the telecommunications industry. Plaintiff has not engaged in substantial gainful activity since October 19, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from bilateral carpal tunnel syndrome, mild herniation of the neck, osteoarthritis of the right knee and shoulder, and obesity, the judge concluded that the severity of those impairments did not meet or equal any

impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of sedentary work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a surveillance systems monitor, a document preparer/microfilm, and an order clerk -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

II.

Plaintiff challenges the hearing decision in three broad grounds for relief: (1) the assessment of her residual functional capacity is not supported by substantial evidence and is inconsistent with applicable legal standards; (2) the finding that she could perform other work in the national economy is erroneous; and (3) the ALJ failed to consider whether she is eligible for a closed period of disability.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire

record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Buried in the laundry list of arguments made by plaintiff is a single claim that compels remand.[1] In his decision, the ALJ found that plaintiff retained the residual functional capacity to:

---

[1] Although plaintiff raises only three grounds for relief, at least eight discrete arguments are advanced in her brief. This "shotgun" strategy runs the risk of burying good arguments "in a verbal mound made up of strong and weak contentions." *Jones v. Barnes,* 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). In the future, counsel should remember that a client's interests are best served by focusing on one or, at most, a few strong arguments on appeal, rather than by advancing every conceivable non-frivolous ground of error. *Id.*, 103 S.Ct. at 3313 ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.").

> perform and sustain simple work in a low stress environment that required minimal contact with the public, minimal contact with coworkers, no climbing ladders, ropes or scaffolds, kneeling, crawling, or reaching overhead, only occasional climbing ramps or stairs, balancing, stooping or crouching, frequent sit or stand every 30 minutes, *handling and fingering*, and absenteeism of 2 days or less per month.

(Tr. at 21, 24) (emphasis added). Plaintiff argues that this finding is unclear with respect to the extent of any limitations on "handling and fingering" activities. Such ambiguity impacts the determination of residual functional capacity because nearly every impairment claimed by plaintiff involves the ability to function with her hands and arms. While conceding that the wording of the hearing decision is ambiguous, the Commissioner maintains that the hearing transcript "clearly shows that the limitations contemplated by the ALJ included a limitation of handling and fingering no more than frequent, with no repetitive use of the hands." (Def. MSJ Br. at 4).

Plaintiff's ability to do manipulative work was a critical issue in this case. At the hearing, Dr. Ann Tuberville, a medical expert, testified that plaintiff should be limited to jobs requiring "[n]o repetitive use of the hands." (Tr. at 309). This functional limitation was incorporated in a series of hypothetical questions posed to Sally Mickle, a vocational expert. When asked if a person of plaintiff's age, education, work experience and various limitations, including the inability to work with the public and "handling and fingering no more than frequent," could perform other light work that exists in significant numbers in the national economy, Mickle responded that such a person could work as an office helper or a toll attendant. (*See id.* at 312-15). A second hypothetical posed by the ALJ required Mickle to assume the same characteristics and limitations, but inquired only as to the ability to perform sedentary work. Mickle responded that such a person could work as a surveillance systems monitor or a document preparer/microfilm. (*Id.* at 316-17). In a third hypothetical, the ALJ asked:

>   Q: [BY ALJ]. Hypothetical number three would be the same as number two, except rather frequent handling and fingering [sic] no more than occasional.
>
>   A: [BY VE]. It's my opinion there wouldn't be any jobs based on that because the jobs that are occasional are very much involved in dealing with people.
>
>   Q: Okay, none whatsoever, surveillance systems monitor? The only thing that's changing in this hypothetical from the previous one is the manipulative limitations, and what is the COJ say about manipulative factors in the surveillance systems monitor? There's no end number--
>
>   A: Yes, I was thinking of your hypothetical as light to start with, so there's none for light, and a surveillance systems monitor to exist.
>
>   Q: Now this is the same as number two through sedentary.
>
>   A: Okay.
>
>   Q: Except on, in, except occasional on the manipulatives. *So is what you're telling me is the surveillance systems monitor is the only one that applies here*, or are you saying something else?
>
>   A: *No, that's the only one that applies there*. There's quite a few limiting factors. The limiting hands is significant, limiting repetitive work with, when you're dealing with unskilled work in [sic] significant.

(*Id.* at 318-19) (emphases added).

The court agrees with plaintiff that the administrative record is, at best, confusing. In the second hypothetical, Mickle testified that a person of plaintiff's age, education, work experience and various limitations, including the inability to work with the public and "handling and fingering no more than frequent," could perform sedentary work as a surveillance systems monitor and a document preparer/microfilm. But Mickle later testified that a person with the same characteristics, who could perform handling and fingering activities "no more than occasional," also could work as a surveillance systems monitor. The awkwardly phrased hypothetical questions posed to the

vocational expert, together with the failure to specify the extent of plaintiff's manipulative limitations, make it difficult, if not impossible, to determine the true meaning of the ALJ's residual functional capacity determination. The court cannot leave such an important issue to speculation. Rather, a remand is required so that the Commissioner may clarify this material ambiguity in the record. *See Brown v. Commissioner of Social Security Admin.*, 245 F.Supp.2d 1175, 1185 (D. Kan. 2003) (inconsistencies in ALJ's references to claimant's exertional level warranted remand for clarification).[2]

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: August 31, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.